**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **KENNEDRA, G.,**[1] **PLAINTIFF,** | § § § | |
| **V.** | § | **CASE NO. 3:25-CV-1565-X-BK** |
| **COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, DEFENDANT.** | § § § § | |

**FINDINGS, CONCLUSION AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Plaintiff's appeal of the denial of her application for Social Security disability benefits, Doc. 3, is before the undersigned United States Magistrate Judge for findings and a recommended disposition. For the reasons outlined here, the Commissioner's decision should be **AFFIRMED.**

## I. BACKGROUND

In May 2022, Plaintiff filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") payments with the Social Security Administration ("SSA"), alleging that she was unable to work due to a combination of physical and mental ailments. Doc. 18-1 at 99, 109-23. After her applications were denied initially and upon reconsideration, Doc. 18-1 at 87-99, Plaintiff submitted a "COVID-19 Public Health Emergency Hearing Agreement Form," requesting a telephonic hearing before an Administrative Law Judge ("ALJ"). Doc. 18-1 at 84.

[1] To protect the privacy of plaintiffs in Social Security disability appeal cases, the Court identifies them only by first name and last initial.

On May 31, 2024, the ALJ assigned to Plaintiff's matter mailed Plaintiff a "Notice of Hearing," advising Plaintiff that her hearing had been scheduled for September 27, 2024, at 10:00 AM. Doc. 18-1 at 50. The Notice also informed Plaintiff of the procedures for rescheduling her hearing and warned that if she failed to appear, the ALJ "may dismiss [her] request" unless the ALJ finds "good reason" for the failure. Doc. 18-1 at 50-51. On June 12, 2024, Plaintiff signed and returned the Notice's attached Acknowledgement of Receipt form, on which she indicated that she would be available by phone at the time of the scheduled hearing.[2] Doc. 18-1 at 39. On August 30, 2024, the ALJ mailed Plaintiff a second Notice, again reminding her of the date and time of her upcoming hearing. Doc. 18-1 at 35-37.

Despite these reminders, Plaintiff failed to attend the September 27, 2024 hearing. Doc. 18-1 at 10. Accordingly, on that same date, the ALJ sent Plaintiff a request to show cause, by way of providing an explanation for her failure to appear within ten days of the request. Doc. 18-1 at 21-26. The form again advised Plaintiff that if she lacked "good reason" for missing the hearing, the ALJ may dismiss her request. Doc. 18-1 at 25. A report of contact form further shows that the agency attempted to call Plaintiff at two phone numbers on October 16, 2024, but were unable to reach her. Doc. 18-1 at 18.

On October 22, 2024, the ALJ issued an order dismissing Plaintiff's request for a hearing. Doc. 18-1 at 9-10. In doing so, the ALJ noted that Plaintiff had not responded to the show cause request within the 10 days contemplated by the notice; that she was a high school graduate,

[2] Although the ALJ's Order of Dismissal, (Doc. 18-1 at 9), states that Plaintiff did not return the Acknowledgement of Receipt form, both Plaintiff's signature and the stamp appearing on the form and business reply envelope indicate that the form was signed and submitted on June 12, 2024. *See* Doc. 18-1 at 39, 43.

literate in English; and that, despite her allegations of functional limitations, her most recent treatment records show she manages her symptoms through medicinal treatment. Doc. 18-1 at 10. Accordingly, the ALJ found that, after considering the factors set forth in 20 C.F.R. 404.957(b)(2) and 416.1457(b)(2), there was "no good cause or good reason for the claimant's failure to appear at the time and place of the hearing." Doc. 18-1 at 10.

On November 1, 2024, the agency received a one-paragraph handwritten letter from Plaintiff acknowledging that she had missed the September 27th hearing and, as best as the Court can discern, requesting an appeal.[3] On December 17, 2024, Plaintiff submitted a formal request for review of the ALJ's dismissal. Doc. 18-1 at 13-14. Finding no reason to review the ALJ's dismissal, the Appeals Council denied that request on May 9, 2025, thus leaving the initial adverse determination as the final decision on her claims. Doc. 18-1 at 4.

In June 2025, Plaintiff, proceeding *pro se,* filed the instant action seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). Doc. 3, *passim.* After the Commissioner filed the administrative record, Plaintiff submitted a single-page opening brief that did not comply with the requirements set forth in the Court's Scheduling Order.[4] Doc. 23; Doc. 20. Defendant filed a brief in opposition, arguing that the Court's review is limited to whether the dismissal of Plaintiff's hearing request was procedurally proper. Doc. 24 at 1. As of

[3] In pertinent part, the letter states: "I would like to make a apaple [sic] for hearing I missed it was on Sept 27 10:00 AM[.] Thank you some [sic] much." Doc. 18-1 at 17.

[4] Notably, the brief was filed more than six months after Defendant filed the administrative record and it neither contained the appropriate sections or headings, nor clearly identified the issue presented for review. *See* Doc. 23 at 2. Nevertheless, because the undersigned concludes that the only issue properly before the Court is whether the Commissioner erred in dismissing Plaintiff's request for a hearing, *see infra* Section III, the Court exercises its discretion to consider that issue.

the date of this Recommendation, Plaintiff has neither filed a reply nor sought an extension of time to do so.

## II. Jurisdiction and Exhaustion of Administrative Remedies

As an initial matter, the Court must determine whether Plaintiff's claim is subject to judicial review.

Section 405(g) of Title 42 of the United States Code vests federal courts with authority to review "any final decision of the Commissioner of Social Security made after a hearing to which [the plaintiff] was a party." 42 U.S.C. § 405(g). The Supreme Court has interpreted this provision as containing "two separate elements: first, a 'jurisdictional' requirement that claims be presented to the agency, and second, a 'waivable . . . requirement that the administrative remedies prescribed by the Secretary be exhausted.'" *Smith v. Berryhill*, 587 U.S. 471, 478 (2019) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976)).

A claimant generally "exhausts" their administrative remedies by proceeding through a four-step process: (1) obtaining an initial determination regarding eligibility; (2) seeking reconsideration of that determination; (3) requesting a hearing before an administrative law judge ("ALJ"); and (4) seeking review of the ALJ's decision by the Appeals Council. *Smith*, 587 U.S. at 475-76 (citing 20 CFR § 416.1400). However, because the exhaustion requirement is nonjurisdictional, it "may either be waived by the agency or, in exceptional cases, by the courts." *Chambers v. Berryhill*, No. 3:19-CV-1062, 2020 WL 5099829, at *5 (N.D. Tex. Aug. 12, 2020) (Ramirez, J.) (citing *Eldridge*, 424 U.S. at 330), *rep. & rec. adopted*, 2020 WL 5094684 (N.D. Tex. Aug. 29, 2020), *aff'd sub nom. Chambers v. Kijakazi*, 86 F.4th 1102 (5th Cir. 2023).

Citing the *Smith,* Defendant acknowledges that it is unclear whether an ALJ's dismissal of a hearing request on purely procedural grounds is subject to judicial review under § 405(g). Doc. 24 at 4-5. In *Smith,* the Court considered "whether a dismissal by the Appeals Council on timeliness grounds *after* a claimant has received an ALJ hearing on the merits qualifie[d] as a 'final decision . . . made after a hearing'" for purposes of § 405(g). 587 U.S. at 478-79 (emphasis added). In answering this question in the affirmative, the Court reasoned that when "a claimant has received a claim-ending timeliness determination . . . after bringing his claim past the key procedural post (a hearing) mentioned in § 405(g)," such determination satisfies the prerequisites for judicial review. *Id.* at 479-80. However, the Court acknowledged that "[a] different question would be presented by a claimant who assertedly faltered at an earlier step . . . [and] would not have received a 'hearing' at all." *Id.* at 483 n.17. Because that question was not before the Court, the Court declined to address it. *Id.*

The circumstances in the instant case fall squarely within the scenario left unresolved by *Smith*. *See id.* Because the ALJ dismissed Plaintiff's hearing request for failure to appear, Plaintiff, unlike the claimant in *Smith*, did not receive a 'hearing' in the ordinary sense of the word. *Id.* Notwithstanding this unresolved question of law, the Commissioner has expressly waived any exhaustion objection, stating that it "is electing not to invoke § 405(g) as a potential bar" and "accept[s] the Court's authority to review the ALJ's dismissal of Plaintiff's hearing request[.]" *See* Doc. 24 at 5. Accordingly, because the Commissioner has waived the exhaustion requirement, and there appears to be no dispute that Plaintiff presented a claim to the agency in the first instance, the Court concludes that judicial review is proper. *See, e.g., Williams v. Kijakazi*, No. 21-895, 2022 WL 1123819, at *8 (E.D. La. Mar. 16, 2022) (Currault,

J.) (declining to resolve the question left open in *Smith* where the Commissioner conceded that the plaintiff was entitled to judicial review); *Wilson v. Comm'r of Soc. Sec.*, No. 21-10278, 2021 WL 3878252, at *3 (11th Cir. Aug. 31, 2021) (holding that § 405(g)'s hearing requirement is nonjurisdictional and therefore does not bar judicial review when the agency waives that requirement).

## III. Scope and Standard of Review

Having determined that judicial review is proper, the Court next addresses the applicable standard and scope of review. In *Smith*, the Supreme Court observed that nothing in § 405(g)'s "broad grant of authority" prohibits a court from reaching the merits of a plaintiff's underlying disability determination. 587 U.S. at 487 ("In short, there is no jurisdictional bar to a court's reaching the merits."). But the Court cautioned that "fundamental principles of administrative law" counsel against deciding an issue that been delegated to an agency if that agency has not first had a chance to address it. *Id.* at 488 (citation omitted). Accordingly, "in an ordinary case, a court should restrict its review to the procedural ground that was the basis for . . . dismissal and (if necessary) allow the agency to address any residual substantive questions in the first instance." *Id.*

Courts applying *Smith* have consistently limited their review to the propriety of the agency's procedural dismissal, even where the plaintiff raises substantive challenges. *See, e.g.*, *Brazell v. Saul*, No. 2021 WL 65486, at *3 (W.D. Tex. Jan. 7, 2021) (Farrer, J.), *rep. & rec. adopted*, 2021 WL 2431337 (W.D. Tex. Feb. 3, 2021) ("although [plaintiff] attempts to challenge the substance of the ALJ's unfavorable decision, the sole issue for the Court . . . is whether the Appeals Council reversibly erred in determining that [plaintiff's] untimely request

for review should be dismissed."); *Williams*, 2022 WL 1123819, at *8 (declining to address the underlying disability determination and limiting review to whether the ALJ properly dismissed the plaintiff's hearing request for failure to appear). Consistent with these decisions, this Court limits its review to whether the ALJ properly dismissed Plaintiff's hearing request.

An ALJ's procedural dismissal, like a substantive decision, is reviewed for "abuse of discretion as to the overall conclusion, and substantial evidence as to any fact." *Smith*, 587 U.S. at 487 n.19. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal citations and quotation marks omitted). It is "more than a mere scintilla but less than a preponderance." *Perez v. Barnhar*t, 415 F.3d 457, 461 (5th Cir. 2005) (citations omitted). In applying this standard, courts may not reweigh the evidence or substitute its judgment for the Commissioner's, and conflicts in evidence are for the Commissioner to resolve. *Id.* Accordingly, a finding that substantial evidence does not exist "is appropriate only if no credible evidentiary choices" support the decision. *Whitehead v. Colvin*, 820 F.3d 776, 779 (5th Cir. 2016) (cleaned up).

An abuse of discretion occurs when a decisionmaker "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Dawson v. United States*, 68 F.3d 886, 895-96 (5th Cir. 1995) (citation omitted). Thus, where reasonable persons could differ as to the validity of the decision, no abuse of discretion can be found. *Id.*

## IV. Analysis

Plaintiff's opening brief does not address her failure to appear at the hearing before the ALJ, nor has she filed a reply addressing the Commissioner's argument on that issue. *See* Doc.

23 at 2. Instead, she merely lists a series of mental and physical limitations, including a low I.Q. and diabetes, which she alleges caused her to have several strokes and led to impairment of her vision and hearing. Doc. 23 at 2. These allegations, however, along with Plaintiff's numerous supporting exhibits, appear directed toward the underlying merits of her disability claim rather than toward explaining her failure to appear or why the ALJ's dismissal of her claim on that basis was an abuse of discretion.[5] *See, e.g.,* Doc. 23 at 2 (stating that "[d]ue to blood pressure being unstable, I am not stable enough to work."). But, for the reasons explained above, the merits of Plaintiff's disability claim are not properly before the Court. Rather, review is limited to whether the ALJ abused his discretion in dismissing Plaintiff's hearing request after determining that she lacked good cause to appear. *Smith,* 587 U.S. at 488; *Williams*, 2022 WL 1123819, at *8.

The relevant regulations permit an ALJ to dismiss a timely hearing request when, despite proper notice, a claimant and their representative fail to appear at the time and place set for the hearing without good cause. 20 C.F.R. 404.957(b)(1)(i). In determining whether "good cause" exists for a claimant's failure to appear, the ALJ must consider the claimant's physical, mental, educational, or linguistic limitations. 20 C.F.R. § 404.957(b)(1)(i)(2).

---

[5] While the Court need not parse through the more than 1,000 pages of exhibits attached to Plaintiff's original and amended complaints, even a cursory review reveals that most of these documents are medical records which postdate Plaintiff's September 27, 2024 hearing by more than six months. *See, e.g.,* Doc. 21 at 2-262 (Parkland Health medical records detailing Plaintiff's treatment between May 2025 through July 2025); Doc. 14 at 5-18 (same between July 10 and July 14, 2025). Moreover, of the records dated around the time of Plaintiff's scheduled hearing, none appears to provide an excuse for her failure to appear. *See, e.g.,* Doc. 21-1 at 112-24 (Parkland Health record showing Plaintiff attended a physical therapy appointment on September 17, 2024); Doc. 21-1 at 125-134 (Parkland Health record detailing Plaintiff's diagnostic mammogram appointment on September 16, 2024).

Even liberally construing Plaintiff's brief as explaining her failure to appear, she has not established that the ALJ's decision was an abuse of discretion or premised on an error of law or a clearly erroneous assessment of the evidence. On the contrary, the ALJ's order of dismissal explains that, prior to her hearing, Plaintiff was mailed two notices specifying the time, date, and place of the hearing, explaining the procedures for rescheduling, and warning that failure to appear without good cause could result in dismissal of her request. Doc. 18 at 11-12; *see also* Doc. 18-1 at 13-15, 35-37). The ALJ further details that after Plaintiff failed to appear, she did not respond to his show-cause request within the 10 days allowed by the request. Doc. 18-1 at 10. The ALJ also expressly considered the factors set forth in 20 C.F.R. 404.957(b)(2) and 416.1457(b)(2), noting that Plaintiff was "a high school graduate, literate in English," and that, although she alleged functional limitations, the record indicated that she was managing those limitations through medicinal treatment. Doc. 18-1 at 10.

On this record, the Court cannot find that the ALJ abused his discretion in finding that there was no good cause for Plaintiff's failure to appear at the hearing. *See, e.g., Williams*, 2022 WL 1123819, at *3, *7 (finding substantial evidence supported the ALJ's finding of no good where the plaintiff was sent two notices stating the hearing date, time, and place and, although he responded to the show cause notice, nothing in the response suggested "any educational, language, mental or other limitation prevent[ing] his appearance at the hearing."); *Curlee v. Comm'r of Soc. Sec.*, No. 1:20-cv-145, 2022 WL 993005, at *5 (E.D. Cal. Apr. 1, 2022) (Boone, J.) (holding the ALJ did not err in dismissing a hearing request where the plaintiff received notice of the time, date, and rescheduling procedures, was reminded of the hearing by phone and a second notice, and he failed to respond to the ALJ's show cause request).

To be sure, even if the Court could consider the swath of new evidence presented by Plaintiff—which it cannot—nothing in those documents establishes a "reasonable possibility" that the evidence would have changed the outcome of the Commissioner's decision.[6] *Ripley*, 67 F.3d at 555. For example, although Plaintiff now attaches a partially completed show cause form stating that she missed the hearing due to vision and hearing impairments, the form is neither signed nor dated and is wholly absent from the administrative record. *See* Doc. 3 at 12. Thus, because nothing indicates that the form was submitted to or received by the ALJ, it does not undermine his finding that Plaintiff failed to establish good cause for missing the hearing. Moreover, to the extent Plaintiff argues that she never received the hearing notices because she changed her address, *see* Doc. 15 at 5, the record contains substantial evidence to the contrary. In particular, the record shows that Plaintiff signed and returned a Notice of Acknowledgement, confirming her receipt of at least the first hearing notice. *See* Doc. 18-1 at 39-43. Although the Notice of Acknowledgement is not mentioned in the ALJ's Order, consideration of this evidence would have further supported his conclusion that Plaintiff was properly notified of the hearing.

Nor has Plaintiff established that the Appeals Council improperly denied her request for review. Although Plaintiff timely requested review of the ALJ's dismissal, she did not present

---

[6] Unless the Court orders remand for consideration of new evidence, "Section 405(g) review is limited to the record that was made before the ALJ." *Williams*, 2022 WL 1123819, at *6 (citing 42 U.S.C. § 405(g); *Ferrari v. Astrue*, 435 F. App'x 314, 314 (5th Cir. 2010)). To justify remand, a plaintiff must establish that: (1) the evidence is "new" and not merely cumulative of items in the existing record; (2) the evidence is "material" and "temporally related" such that there is a "reasonable possibility" it would have changed the outcome of the Commissioner's decision; and (3) there was good cause for plaintiff's failure to incorporate that evidence into the prior administrative record. *Williams*, 2022 WL 1123819, at *6 (citing *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995)). Because Plaintiff has not satisfied any of these requirements, remand for consideration of this evidence is neither necessary nor appropriate.

the Appeals Council with any additional evidence or justification for her failure to appear at the scheduled hearing. *See* Doc. 18-1 at 13-15. Absent any suggestion that the ALJ abused his discretion or that his findings lacked substantial support, the Appeals Council did not err in determining that no basis warranted review of the ALJ's dismissal. Doc. 18-1 at 4; *see, e.g., Williams*, 2022 WL 1123819, at *8 (holding that the plaintiff's challenge to the Appeals Council's denial of review was "utterly unfounded" where he presented no evidence suggesting an abuse of discretion, error of law, or absence of substantial evidence supporting the ALJ's dismissal).

## V. Conclusion

Based on the foregoing, the Court finds the ALJ's decision to be supported by substantial evidence in the administrative record, and free from legal error. Accordingly, the Commissioner's decision should be **AFFIRMED.**

**SO RECOMMENDED** on September 3, 2026.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).